UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY
D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK
H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, DENISE
RICHARDSON, and THOMAS CORBETT, as Trustees and
fiduciaries of the Local 282 Welfare Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the
Local 282 Vacation and Sick Leave Trust Fund,

                                  Plaintiffs,

              -against-

PILLAR TRANSPORT, INC.,

                                  Defendant.
----------------------------------------------------------------------------------x

**FILED**
**CLERK**
11/30/2016 4:35 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Order
15-cv-7214(ADS)(AYS)

APPEARANCES:

**Trivella & Forte, LLP**
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605
          By:    Jonathan M. Bardavid, Esq., Of Counsel

NO APPEARANCE:

**Pillar Transport, Inc.**
*Defendant*

SPATT, District Judge:

On December 18, 2015, the Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila,

Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise

Richardson, and Thomas Corbett, as the trustees and fiduciaries of the Local 282 Welfare, Pension,

Annuity, Job Training, and Vacation and Sick Leave Trust Funds (collectively, the "Plaintiffs")

commenced this action against the Defendant Pillar Transport Inc. (the "Defendant") under the

provisions of the Employee Retirement Income Security Act of 1974, as amended, and Section 301 of

the Labor Management Relations Act of 1947.

The Plaintiffs, who are the trustees of jointly administered multiemployer benefit plans, seek to recover allegedly delinquent fringe benefit contributions that the Defendant was obligated to make pursuant to the terms of a collective bargaining agreement, together with associated damages under the statutes, including interest, liquidated damages, attorneys' fees, and costs.

On February 25, 2016, the Clerk of the Court noted the Defendant's default.

On April 26, 2016, the Plaintiffs filed a motion for a default judgment, which, on April 27, 2016, this Court referred to United States Magistrate Judge Anne Y. Shields for a report and recommendation.

On August 17, 2016, Judge Shields issued a Report and Recommendation (the "R&R"), recommending that the Plaintiff's motion for a default judgment be granted and that damages be awarded as follows: $27,401.59 in unpaid contributions; $216.52 in interest on late contributions; $13,047.92 in accrued pre-judgment interest on unpaid contributions and $13.50 in continuing *per diem* interest until judgment is entered; an additional $13.50 per day in post-judgment interest from the date judgment is entered until payment is made; $13,047.92 in liquidated damages and $13.50 in continuing *per diem* liquidated damages until judgment is entered; $1,210.00 in audit fees; $5,958.75 in attorneys' fees; and $737.37 in costs, for a total award of $61,620.07, plus $27 per day until judgment is entered, and $13.50 per day from the date judgment is entered until payment is made.

On August 18, 2016, the Plaintiffs filed proof of service of the R&R on the Defendant.

On September 1, 2016, in response to a request by Kimberly Cafaro, namely, the former president of the Defendant, the Court granted a 30-day extension, until October 1, 2016, for the corporate Defendant to retain counsel in this matter and file objections.

On September 27, 2016, again in response to a request by Ms. Cafaro, the Court granted an additional 30-day extension for the corporate Defendant to appear in this action through licensed counsel, or in the alternative, for the parties to advise the Court that a settlement has been reached.

The Court specifically directed that, if, by October 28, 2016, the Defendant, by counsel, had not appeared and properly objected to the R&R, or the parties failed to indicate that a settlement of the amounts owed had been reached, the Court would enter a default judgment in accordance with Judge Shields's recommendations.

Nevertheless, on October 20, 2016, in response to yet another request by the parties, the Court granted a third extension of time, until November 28, 2016, for the Defendant to appear by counsel and object to the R&R. In doing so, the Court expressly stated that "this being the third successive request for a month-long extension, the parties are directed that this is the **final** extension the Court will consider. If no objections are filed on or before 11/28/2016, the R&R will be adopted without further notice to the parties" (emphasis in original).

This final deadline has now passed, and the Court has not received an objection to the R&R on behalf of the Defendant or correspondence indicating that the parties have resolved this matter.

Thus, pursuant to the provisions of 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the August 17, 2016 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted to the extent set forth herein.

The Clerk of the Court is respectfully directed to enter judgment for the Plaintiff in a manner consistent with this opinion, and to close this case.

It is **SO ORDERED:**

Dated: Central Islip, New York
November 30, 2016

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge